# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 2:97-00119-KD-M |
| | ) | |
| JAMES ARTHUR RHONE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on Defendant James Arthur Rhone's Motion for Sentence Reduction pursuant to the First Step Act of 2018, the United States' response, and Rhone's reply (docs. 180, 183, 186). Upon consideration, and for the reasons set forth herein, the motion is GRANTED and Rhone's term of imprisonment is reduced to time served.

A. Background

In June 1997, Defendant Rhone and co-defendant Dwight W. Clark were charged in a seven-count superseding indictment for offenses related to distribution of crack cocaine and powder cocaine. Rhone was charged with conspiracy to possess with intent to distribute 50 grams of crack cocaine and more than 10 kilograms of powder cocaine (Count One), possession with intent to distribute one ounce of crack cocaine (Count Two), possession with intent to distribute two ounces of crack cocaine (Count Three), possession with intent to distribute more than 50 grams of crack cocaine (Count Four), possession with intent to distribute more than 27 ounces of cocaine (Count Five), and possession with intent to distribute a quarter kilogram of cocaine (Count Six). Count Four and Count Seven, the forfeiture count, were dismissed on the United States' motion.

Their first trial was a mistrial. Relevant to this motion, the jury convicted Rhone of Counts One, Two, Three, Five and Six at their second trial in October 1997. At sentencing, the Court

determined that Rhone had been involved with the possession and distribution of at least 12 kilograms of crack cocaine and 88 kilograms of powder cocaine (doc. 187, p. 13, 14, 27). At that time, crack cocaine in excess of 1.5 kilograms established a base offense level of 38, the highest base offense level under the Sentencing Guidelines. U.S.S.G. § 2D1.1 (Nov. 1, 1997) (doc. 187, p. 14). [1]

Rhone's total offense level was 43[2] and with a criminal history category of 1, his then mandatory sentencing guidelines range was life for Counts One and Three, 480 months for Counts Two and Five, and 240 months for Count Six (doc. 187, p. 27). Rhone was sentenced to life imprisonment as to Counts One and Three, 480 months concurrent as to Counts Two and Five, and 240 months concurrent as to Count Six (doc. 187, p. 23).

Rhone's convictions and sentence were affirmed on appeal (doc. 120). His motion to vacate pursuant to 28 U.S.C. § 2255 was denied (doc. 136). The denial was affirmed on appeal (doc. 140).

In 2012, Rhone moved to reduce his sentence based on Amendment 750 to the U.S. Sentencing Guidelines. The motion was denied (doc. 160). In 2015, Rhone moved to reduce his sentence based on Amendment 782 to the Guidelines (doc. 173). Rhone's life sentence as to Counts One and Three and his 480 months sentence as to Counts Two and Five were reduced to 324 months, concurrent. His sentence as to Count 6 remained 240 months, concurrent. Rhone's estimated release date is now March 27, 2021.

B. <u>Analysis</u>

---

[1] Because the base offense level was the highest possible, the Probation Office did not convert the crack cocaine and cocaine to a marijuana equivalency (doc. 187, p.14).

[2] Rhone's base offense level was increased by three levels upon the Court's determination that he was a manager/supervisor of more than five persons and increased by two levels for firearms carried in the conspiracy.

Rhone moves for a reduction of sentence pursuant to Section 404 of the First Step Act. The Court's authority to apply the First Step Act is found in 18 U.S.C. § 3582(c)(1)(B), which, in relevant part, provides: 'the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute...." 18 U.S.C. § 3582(c)(1)(B).[3] The First Step Act allows the district court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" had been "in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391, § 404(b), 132 Stat. 5194 (enacted Dec. 21, 2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. Id. at § 404(a).

The Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger certain statutory mandatory minimum and maximum sentences. Section 2 amended 21 U.S.C. § 841(b)(1)(A)(iii) to replace the 50 grams or more threshold with 280 grams or more and also amended 21 U.S.C. § 841(b)(1)(B)(iii) to replace the 5 grams or more threshold with 28 grams or more.

Relevant to Rhone's motion, in Counts One and Three, he was indicted for offenses involving at least 50 grams of crack cocaine. At that time, his statutory mandatory sentence was ten years to life. If the Fair Sentencing Act is applied "as if" it had been in effect at sentencing, with no prior felony drug convictions, his statutory mandatory sentence would be five to forty years.

---

[3] "As relevant here, district courts are permitted to modify a term of imprisonment to the extent expressly permitted by statute." United States v. Carter, - - - Fed. Appx. - - -, 2019 WL 5295132, at *3 (11th Cir. Oct. 18, 2019) (citing 18 U.S.C. § 3582(c)(1)(B)).

The United States argues that Rhone's motion should be denied because he is not eligible for a reduction. With respect to eligibility, the United States relies on the decision in <u>United States v. Means,</u> wherein a panel of the Eleventh Circuit used the five kilograms of cocaine attributed to Means as relevant conduct to find that he was not eligible for consideration under the First Step Act. - - - Fed. Appx. - - -, 2019 WL 4302941 (11th Cir. Sept. 11, 2019) ("The First Step Act's changes to the triggering quantities of cocaine for the imposition of the mandatory sentencing scheme under § 841 do not impact Means's sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount.") <u>Id</u>. at * 2. Parsing Section 404(a) of the First Step Act, the United States argues that because Rhone was held accountable for more than 1.5 kilograms of crack cocaine, his mandatory sentencing scheme is likewise not impacted, and therefore, he is not eligible for a reduction. (Doc. 183) The United States asks the Court to revisit its prior determinations that the amount of crack cocaine charged in the Indictment determines whether a defendant is eligible for relief.

Rhone responds that the <u>Means</u> decision may be distinguished from the case before the Court and that the reasoning was flawed. Rhone argues that Means was proceeding pro se and erroneously relied upon 18 U.S.C. § 3582(c)(2) (and consequently so did the Eleventh Circuit), instead of 18 U.S.C. § 3582(c)(1)(B).[4] Rhone also argues that Means made other procedural and

---

[4] Although the panel in <u>Means</u> addressed Means' motion as brought pursuant to 18 U.S.C. § 3582(c)(2), two other panels of the Eleventh Circuit addressed a First Step Act motion under 18 U.S.C. § 3582(c)(1)(B). <u>United States v. Carter,</u> No. 19-10918, - - - Fed. Appx. - - -, 2019 WL 5295132, at *3 (11th Cir. Oct. 18, 2019) ("As relevant here, district courts are permitted to modify a term of imprisonment to the extent expressly permitted by statute. *See* 18 U.S.C. § 3582(c)(1)(B)."); <u>United States v. Brown,</u> No. 19-11160, - - - Fed. Appx. - - -, 2019 WL 5166225, at *2 (11th Cir. Oct. 15, 2019) ("As for Brown's claim that the district court improperly construed his motion as one filed under § 3582, his argument is meritless. Section 3582(c) gives the district court the authority to 'modify an imposed term of imprisonment to the extent ... expressly permitted by statute' or when the defendant's 'sentencing range ... has subsequently been lowered by the Sentencing Commission.' 18 U.S.C. § 3582(c)(1)(B), (c)(2). Because these are exactly the two bases on which

substantive briefing errors, which resulted in no adversarial challenge to eligibility, and consequently the adoption of the United States' unchallenged position that Means was not eligible because of the drug quantity attributed to him as relevant conduct. (Doc. 186)

The Court of Appeals for the Fourth Circuit in United States v. Wirsing, - - - F. 3rd - - -, 2019 WL 6139017 (4th Cir. Nov. 20, 2019), recently addressed the question of whether eligibility is determined by the statute charged in the Indictment or the quantity attributed to the defendant as relevant conduct. Ultimately, the Fourth Circuit held as follows:

> We hold that . . . Defendant's statute-of-conviction theory of eligibility is correct. Our position accords with that of the majority of appellate courts that have considered these questions implicitly or without deciding them. It is also in line with the consensus view among district courts.

United States v. Wirsing, No. 19-6381, 2019 WL 6139017, at *6 (4th Cir. Nov. 20, 2019) as amended (Nov. 21, 2019) (footnotes collecting cases omitted).

In reaching its decision, the Fourth Circuit referenced two opinions from the Eleventh Circuit. The Fourth Circuit referenced the decision United States v. Jelks, No. 19-10830, ⸺ Fed.Appx. ⸺, 2019 WL 4466870, at *1-2 (11th Cir. Sept. 18, 2019) wherein the Eleventh Circuit relied "on the statute-of-conviction understanding of eligibility[.]" Wirsing, 2019 WL 6139017, at *6, n. 3. The Fourth Circuit distinguished the decision in Means, as not among the consensus, citing it as follows: "But see United States v. Means, No. 19-10333, ⸺ Fed.Appx. ⸺, 2019 WL 4302941, at *2 (11th Cir. Sept. 11, 2019) (per curiam) (relying on § 3582(c)(2) and the relevant-conduct interpretation of eligibility to review a First Step Act motion)." Wirsing, 2019 WL 6139017, at *6, n. 3. The Court declines the United States' invitation to re-evaluate its approach and follow Means.

---

Brown's motion sought relief -- the FSA of 2018 and Amendment 794 to the Sentencing Guidelines -- the district court did not err in construing his motion under § 3582.").

The Court finds that Rhone committed a covered offense as defined in the First Step Act. The Fair Sentencing Act lowered the applicable statutory penalties for his crack cocaine offenses from ten years to life to 5 to 40 years imprisonment. He committed his offense before the Fair Sentencing Act was enacted. None of the limiting factors in § 404 of the First Step Act apply to Rhone.[5] Therefore, he is eligible for consideration.

Rhone moves the Court to consider the factors in 18 U.S.C. § 3553(a) and further reduce his sentence. In support of a reduction, Rhone argues that he is now 63 years and managing three medical conditions – diabetes, hypertension and back pain. He asserts that since he is older, he has a lower risk of recidivism. Rhone also has strong family support and has maintained relationships with his children and his siblings. Rhone also points to his conduct during incarceration. He has been incarcerated for over 20 years and has a clear post-sentencing disciplinary record. He has taken numerous education courses, works as an orderly in the Re-Entry Honor Unit, and "is considered a role model and is a positive asset to the Re-Entry Unit." (Doc. 180, p. 12) (citing Rhone's Federal Bureau of Prisons Summary Reentry Plan Progress Report). He is also currently enrolled in the Release Preparation Program (his current projected release date is March 27, 2021) and has "positive relationships" with his peer inmates and "credible rapport with facility staff." (Id.).

Rhone also points out that at the time his Amendment 782 motion was decided, the district court could not reduce the sentence below the low-end of the guidelines range unless he had

---

[5] See § 404(c) ("Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.")

provided substantial assistance.[6]  Since Rhone had not done so, the district court reduced his life sentence to the lowest sentence possible.[7]

The United States argues that the Court should not reduce his sentence.  The United States points out that the Court's discretion is guided by the factors in 18 U.S.C. § 3553(a).  The United States argues that Rhone "played a substantial role in a major cocaine distribution scheme riddled with danger and violence" and that his conduct warranted "a substantial sentence". (Doc, 183, p. 8).  The United States asserts that Rhone's life sentence should not be further reduced below the 324-month sentence now imposed.

Clearly, the change to the statutory mandatory minimum sentence for Rhone's crack cocaine offenses has no effect on his sentence.  In 1998, when Rhone was sentenced, the Sentencing Guidelines were mandatory, and his life sentence was mandatory.  Even if the Fair Sentencing Act had been in effect at the time Rhone was sentenced, the mandatory sentencing guidelines would have rendered it moot.  And when Rhone was eligible for relief from his mandatory guidelines sentence by way of Amendment 782, his recalculated low-end sentence of 324 months was again mandatory because he had not provided substantial assistance to the United States.

Now, the Court has before it a 63-year old man who 25 years ago headed a major crack/powder cocaine distribution ring.  However, when sentenced, his criminal history category was I and he had no violent criminal history.  Review of Rhone's Summary Reentry Plan Progress Report shows that he has been a model prisoner earning the praises of his guards.  He has not incurred any disciplinary infractions during his 20 plus years in prison.  At this point, he is awaiting

---

[6] U.S.S.G. § 1B1.10(b)(2) (Policy Statement).

[7] At that time, United States District Judge Charles R. Butler, Jr., was assigned to the case.  Upon application of Amendment 782, the amended sentencing guidelines range was 324 to 405 months.  Judge Butler reduced Rhone's sentence to 324 months. (Docs. 173, 174).

release in March 2021. The Court recognizes the gravity of his offenses but cannot articulate one single reason why further incarceration will advance the objectives of incarceration.

Upon consideration of the foregoing, and the relevant factors in 18 U.S.C. § 3553(a), the Court finds that a reduced sentence is appropriate. The Court has specifically considered the "nature and circumstances" of Rhone's offenses and his "history and characteristics." 18 U.S.C. § 3553(a)(1). The Court has also considered the need for the reduced sentence to reflect the seriousness of the offenses, "to promote respect for the law, and to provide just punishment for the offense;" to adequately deter criminal conduct; and "to protect the public from further crimes" by Rhone. 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Accordingly, the Court reduces Rhone's term of imprisonment to time served. The Court varies downward[8] because a time served sentence, in this case, is sufficient, but not greater than necessary, to meet the purposes for imposing a sentence. See 18 U.S.C. § 3553(a)(2).

C. Conclusion

For the reasons set forth herein, Rhone's motion is GRANTED. Rhone's term of imprisonment is reduced to time served. The effective date of this Order is stayed for five (5) days to allow the Bureau of Prisons sufficient time to process Rhone's release.

DONE and ORDERED this 11th day of December 2019.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

---

[8] Upon recalculation, Rhone's Guidelines Range remains at 324 to 405 months as to Counts 1-3 and 5, and 240 months as to Count 6 (doc. 187, Probation Office Memorandum).